UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-62-DLB

PHILLIP BREWER                                                                           PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

MAJOR NAGEL, et al.                                                                   DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Phillip Brewer is an inmate confined at the Calhoun Correctional Institution in Blountstown, Florida. Brewer has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 3). This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

In his complaint, Brewer alleges that in February 2010 he was arrested at his home in Grant County, Kentucky based upon a warrant issued by the Miami-Dade County Sheriff's Office in Florida for burglary, assault or battery, and kidnapping with a weapon. He was held in custody for more than three months, but was released when Florida officials failed to take him into their custody. He was then re-arrested two days later based upon the same warrant and also held on a contempt charge in Kentucky for failure to pay child support. In June 2010 while being held at the Campbell County Detention Center in

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

1

Newport, Kentucky, Brewer wrote several letters to Major Nagel requesting that he be taken before a judge so that an attorney could be appointed to represent him and a hearing held on the extradition request. Brewer indicates that no such hearing was held, and on June 14, 2010, he was taken into custody by Florida police and flown to Miami, Florida to face the charges pending in that state.

Brewer states that in 2012 he received a copy of Florida's extradition request and that the document states that a criminal information was filed in Florida in August 2010—two months after he was extradited, not before. Believing that this rendered the extradition request defective, in July 2013 Brewer filed a petition for a writ of habeas corpus in the Circuit Court of Miami-Dade County in Florida contending that his rights during the extradition process were violated. That petition was denied in August 2013, as was his appeal from that denial in September 2013. (Doc. # 3 at 14-15).

In his complaint in this case, Brewer contends that in June 2010 Major Nagel and Kentucky Attorney General Jack Conway failed to give him an opportunity to challenge his extradition to Florida by appointing counsel to represent him and holding a hearing. Brewer further contends that in May 2010 Florida Attorney General Pamela Jo Bondi provided false information in the extradition application by indicating that he had already been charged, when in fact the criminal information against him was not filed until after he was transferred to Florida custody. Finally, Brewer indicates that in 2013 he provided this information to Timothy Ryan, his jailer in Florida, who took no action. Brewer alleges that the failure to afford a hearing before extradition violated his right to due process and equal protection under the Fourteenth Amendment, as well as the Interstate Agreement on Detainers and the Uniform Criminal Extradition Act. For relief, Brewer does not seek

damages but asks this Court to grant his "petition" so that he can be afforded a hearing to establish that his rights were violated. (Doc. # 3 at 9, 13).

Having thoroughly reviewed the complaint and the materials filed in support of it, the Court concludes that it must be dismissed. As a threshold matter, the complaint seeks relief properly sought only through a habeas corpus petition, not a civil rights complaint. *Cf. Michigan v. Doran*, 439 U.S. 282 (1978) (deciding challenge to validity of governor's extradition warrant under Uniform Criminal Extradition Act sought through a petition for a writ of habeas corpus). Where, as here, a prisoner does not seek damages but instead only a determination that would, if true, entitle him to release from custody (either immediately or sooner than called for by his criminal judgment) that relief must be sought in a habeas corpus proceeding. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that habeas is the exclusive remedy for a prisoner who seeks "immediate or speedier release" from confinement); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). That was the first avenue Brewer used to seek relief in 2013; having failed in that endeavor, he may not now attempt to seek relief in a different court by asserting civil rights claims.

Dismissal is also required because an alleged violation of extradition procedures cannot form the basis for an action under Section 1983:

> Although a number of courts allow a § 1983 claim when officers fail to comply with extradition procedures established by the Uniform Criminal Extradition Act ("UCEA"), we believe that the constitutional and statutory extradition provisions are not designed to protect fugitives. Rather, they are designed to facilitate the administration of justice between states. . . . While we do not condone officials who fail to comply with extradition procedures, a fugitive's rights are sufficiently protected by those limitations placed on the demanding state by the Constitution when determining his guilt or innocence. And the Constitution "is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards." Allowing an additional layer of constitutional challenge affords

3

> the fugitive little benefit, while placing an unnecessary burden on the extradition process, something the Supreme Court has stressed must not be done.

*Barton v. Norrod*, 106 F. 3d 1289, 1295, 1298-99 (6th Cir 1997) (citations omitted). The Court further noted that extradition statutes are designed to benefit the asylum state, not the fugitive, and confer no rights upon the latter. *Id.* at 1297. Courts have thus consistently dismissed § 1983 claims based upon an asserted failure to comply with extradition procedures. *See Norward v. Ficano*, 234 F.3d 1269, at *1 (6th Cir. Oct. 31 2000) (unpublished table decision); *Martin v. Anderson*, No. 2:14-cv-200-TWP-DHL, 2015 WL 328372, at *4 (E.D. Tenn. Jan. 26, 2015).

Finally, even if Brewer could have brought a § 1983 claim based upon an asserted failure to follow extradition procedures, the time to do so has long since passed. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate."). Brewer's claims against Major Nagel and Attorney General Conway accrued in June 2010 when he requested an extradition hearing but was not afforded one before his transfer to Florida. Kentucky's one-year statute of limitations for asserting personal injuries applies to claims under Section 1983. *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). Because Brewer waited nearly nine years to file suit, those claims are time-barred. As for his claims against the jailer and Attorney General in Florida, those claims would have accrued no later than 2012, when he states he received

4

a copy of Florida's extradition request.  Florida's four-year statute of limitations applies to Section 1983 claims arising in Florida.  *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).  Because Brewer waited seven years to file suit after he received a copy of the extradition request in 2012, the claims against the Florida defendants are also time-barred, and must be dismissed.  *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).  Accordingly,

**IT IS ORDERED** as follows:

1. Brewer's complaint (Doc. # 3) is **dismissed with prejudice**; and

2. This matter is **stricken** from the Court's active docket.

This 23rd day of May, 2019.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\ProSe\19-62 MOO dismissing claims.docx