**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 19-62-DLB

PHILLIP BREWER                                                                                   PLAINTIFF

v.                                         **OPINION AND ORDER**

MAJOR NAGEL, et al.                                                                       DEFENDANTS

*** *** *** ***

On May 23, 2019, the Court dismissed Plaintiff Phillip Brewer's Complaint (Doc. # 3) for failure to state a claim and as time barred. (Doc. # 7). Brewer filed a Notice of Appeal ten weeks later on August 7, 2019. (Doc. # 13). The Sixth Circuit has since ordered a limited remand for this Court to consider whether Brewer's June 7, 2019 "Motion for Stay of Proceedings" (Doc. # 9) should have been construed as a request for an extension of time to file a notice of appeal instead of as a motion for additional time to file a motion for reconsideration. (Doc. # 23). The Court has thoroughly reviewed the record and, for the reasons explained below, concludes that Brewer's prior Motion could not reasonably have been construed as requesting additional time to appeal. The Court therefore enters an Order to this effect so that the Sixth Circuit may consider and reach its own conclusion on the matter.

Brewer is an inmate in Blountstown, Florida. (Doc. # 3 at 1). In his civil rights Complaint, Brewer contended that in 2010 Kentucky officials did not permit him to fight Florida's extradition request before he was transferred to that state to face burglary,

1

assault, and kidnapping charges. (Doc. # 3 at 9); (Doc. # 3-1 at 20). Brewer did not seek damages but only a hearing to determine if his rights had been violated. (Doc. # 3 at 9). Brewer's Complaint set forth extensive citations to support his legal arguments and attached numerous exhibits to support his factual allegations. (Doc. # 3). In short, Brewer's Complaint exhibits the characteristics of one drafted by a plaintiff with considerable familiarity with litigation.

Brewer noted in his Complaint that he had already challenged the propriety of his extradition in 2013 during the Florida prosecution. (Doc. # 3 at 10); (Doc. # 3-1 at 38–43). When screening his Complaint, the Court reviewed the docket and documents in that case—*Florida v. Brewer*, No. F09-32100B (Fla. Cir. Ct. dismissed Feb. 22, 2019). *See Miami-Dade County Criminal Justice Online System*, HARVEY RUVIN, CLERK OF THE COURTS, MIAMI-DADE COUNTY, FLORIDA, https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx (under case number tab search F-09-032100-B) (last visited December 3, 2019).[1] The docket shows that Brewer represented himself for several years during those proceedings with standby counsel. *Id*. On September 20, 2013, shortly after his Florida Habeas Petition was denied, Brewer filed a *pro se* Notice of Appeal, *Brewer*, No. F09-32100B (Doc. # 481 therein), clearly indicating his knowledge of the proper manner by which to appeal. Brewer was found guilty in March 2014, *id.* (Doc. # 645 therein) and following his appeal his conviction was upheld in 2016, *id*. (Doc.

---

[1] "A court may take judicial notice of undisputed information contained on government websites." *Gilmore v. Ormond*, No. 6:16-cv-286-DCR, 2019 WL 943392, at *1 (E.D. Ky. Feb. 26, 2019) (citing *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009)). This includes "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969) (citations omitted). Such records and information on government websites are self-authenticating. *See* Fed. R. Evid. 902(5); *Phillips v. Ballard*, No. 5:17-cv-301-REW, 2019 WL 2359571, at * 13 (E.D. Ky. June 4, 2019) (citations omitted).

# 717 therein). In February 2017, he filed an extensive Motion for post-conviction relief supported by argument and citation to pertinent authority. *Id*. (Doc. # 719 therein). That Motion was denied on December 5, 2017. *Id*. (Doc. # 741 therein). Subsequently, on January 10, 2018, Brewer filed a *pro se* Notice of Appeal. *Id*. (Doc. # 744 therein).

Of note here, on December 15, 2017, after the Florida court entered its Order denying Brewer's post-conviction Motion but before he received it, Brewer filed an untimely Reply to the state's Response. *Id*. (Doc. # 742 therein). On January 12, 2018, the Florida court entered an Order explaining that because Brewer's Reply was received after entry of the Order denying the underlying Motion, the court was treating it as a Motion for Rehearing, and denied the construed Motion because it asserted no new grounds for relief. *Id*. (Doc. # 747 therein). In response, Brewer filed a Notice of Appeal, and the appellate court dismissed the appeal for lack of jurisdiction. *Id*. (Docs. # 748, 753 therein). After this, Brewer filed a Motion for Rehearing, and that Motion was denied. *See Brewer v. State*, No. 3D18-0524, 2019 WL 2395850 (Fla. Dist. Ct. App. Mar. 11, 2019). This history establishes that prior to filing his Motion in the present case, Brewer (1) knew how to file a notice of appeal, and (2) was actually aware that filing a motion for rehearing sought further review of the issues presented *from the court in which he filed the motion*.

Brewer filed his complaint in this Court two months later. (Doc. # 3). The Court dismissed that Complaint on May 23, 2019. (Doc. # 7). On June 7, 2019, Brewer signed and mailed a "Motion for Stay of Proceedings."[2] (Doc. # 9). In his Motion to Stay, Brewer

---

[2] The Sixth Circuit's Order states at one point that Brewer filed this Motion on June 23, 2019, but later states that it was filed on the June 13, 2019. (Doc. # 23 at 2, 3). Both dates are incorrect. Brewer's Motion was docketed on June 13, 2019, (Doc. # 9), but Brewer's Motion is deemed filed on June 7, 2019—the day he delivered it to the prison authorities for

3

stated that he had just been told that he was being transferred the next day to a different facility for medical diagnosis or treatment, and "that while he fully intends to file for rehearing of the courts May 23rd 2019 decision he simply will not have the ability to do so in a timely manner." *Id*. That Motion was received and docketed on June 13, 2019. *Id*. On the same day, the Court received a notice of change of address from Brewer. (Doc. # 10). The Court—construing Brewer's request for a stay to seek "rehearing" as one for additional time to seek "reconsideration"—denied the Motion, noting that the Federal Rules of Civil Procedure expressly deprive district courts of the authority to grant such relief. (Doc. # 11 (citing FED. R. CIV. P. 6(b)(2)). That Order was sent to Brewer at the new address he provided and was not returned as undeliverable by the United States Postal Service.

Two months passed before Brewer gave notice on August 7, 2019 that he had been transferred back to the prison (Doc. # 12) and filed a Notice of Appeal (Doc. # 13). The Sixth Circuit promptly ordered Brewer to show cause why his appeal should not be dismissed as untimely. *Brewer v. Nagel*, No. 19-5906 (6th Cir. filed Aug. 7, 2019) (Doc. # 5 therein). In response, Brewer stated that he had not filed his notice of appeal before August 7, 2019 because he had "the impression that there was no deadline due to the fact that he had filed a Motion For Stay of Proceedings prior that would have tolled any deadline time." *Brewer*, No. 19-5906 (Doc. # 6 therein at 1). In its recent Order remanding the case, the Sixth Circuit noted that this Court could have, but did not, construe Brewer's June 2019 Motion for more time to seek "rehearing" as a motion for an extension of time

---

mailing—under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988). This mistake, however, does not undermine the timeliness of Brewer's Motion.

to file his Notice of Appeal pursuant to 28 U.S.C. § 2107(c).  (Doc. # 23).  The Sixth Circuit therefore issued a limited remand for the Court to consider, in the first instance, whether Brewer's Motion could be construed as such.  *Id*. at 3.

It can not.  "Federal Rule of Appellate Procedure 4(a) and its statutory counterpart, 28 U.S.C. § 2107, set out a strict timetable."  *Martin v. Sullivan*, 876 F.3d 235, 236 (6th Cir. 2017) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."  *Bowles*, 551 U.S. at 214.  Brewer's August 7, 2019 Notice of Appeal was filed well beyond the June 24, 2019 deadline established by 28 U.S.C. § 2107(a) and was hence untimely.

A would-be appellant is not without options to seek additional time to appeal, either before or after the deadline to do so has passed:

> There are only two circumstances in which the party can move the district court for more time. First, it can move for an extension under Rule 4(a)(5) based on "excludable (*sic*) neglect or good cause." FED. R. APP. P. 4(a)(5); *accord* 28 U.S.C. § 2107(c). Or alternatively, it can move to reopen the time to file an appeal under Rule 4(a)(6) if it did not receive proper notice of the underlying judgment. FED. R. APP. 4(a)(6); *accord* 28 U.S.C. § 2107(c).

*Martin*, 876 F.3d at 236.  Here, the second option is not open to Brewer because he acknowledged in his June 7, 2019 Motion that he had received the Court's May 23, 2019 judgment by June 3, 2019.  (Doc. # 9 at 1).  As for the first option, the Sixth Circuit ponders whether Brewer's Motion requesting a stay so that he could timely "file for rehearing" amounted to a motion to extend the time for appeal upon a showing of excusable neglect or good cause under 28 U.S.C. § 2107(c).  (Doc. # 23).  It plainly cannot.  Brewer's imminent transfer to a medical facility would have constituted "good cause" for additional

time to file a notice of appeal. Had Brewer sought such relief, the Court would have readily granted it.

The operative question posed by the Sixth Circuit is whether Brewer's statement that he intended to "file for rehearing" meant that he intended to file a motion for reconsideration or to file a notice of appeal. This Court chose the former interpretation based upon Brewer's expressed intention to seek "rehearing." (Doc. # 11). The Sixth Circuit attempts to buttress the plausibility of the latter interpretation by recharacterizing Brewer's words as expressing an intention to "timely challeng[e] the district court's judgment" by "tak[ing] the next step in his case." (Doc. # 23 at 2). In his Motion, however, Brewer himself plainly stated he intended to file for rehearing. (Doc. # 9 at 1). Nor is "appeal," or any word of similar import, to be found anywhere within Brewer's June 7, 2019 Motion. *Id*.

In the absence of a textual basis in Brewer's Motion for the inference sought by the panel, the Sixth Circuit articulates the broad principle that courts liberally construe filings filed by parties proceeding without the benefit of counsel, stating that "[d]istrict courts must liberally construe a document that could be interpreted as a notice of appeal or a motion for extension of time to file a notice of appeal." (Doc. # 23 at 2) (citing *Hall v. Stanczyk*, 852 F.2d 1287 (6th Cir. 1988); *Hall v. Tennessee Dep't of Corr. Main Hosp.*, 811 F.2d 605 (6th Cir. 1986)). In *Stanczyk*, 852 F.2d at *1, the Sixth Circuit remanded the case to the district court to determine whether letters requesting copies of documents for the purpose of filing an appeal could be construed as a notice of appeal or extension of time. In *Tennessee Dep't of Corr. Main Hosp.*, 811 F.2d at *1, the Sixth Circuit construed a letter asking for the address of the Court of Appeal and the record as either

a motion for extension of time to file an appeal or a notice of appeal itself. These decisions, however, are unpublished, and for this reason, neither decision provides any binding authority for the proposition for which it is cited. See *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017) (citing *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002)). More recent cases, published ones at that, indicate far less willingness to "construe" a *pro se* document as meaning something it plainly does not say. See *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017) (declining to construe a notice of appeal as a motion to reopen his time to appeal); *Isert v. Ford Motor Co.*, 461 F.3d 756, 757 (6th Cir. 2006) (declining to construe a motion for extension of time to file an appeal as a notice of appeal because the motion stated "any Notice of Appeal," meaning it did not "designate the judgment being appealed and otherwise failed objectively to convey an intent to appeal"); *Clark v. Johnston*, 413 F. App'x 804 (6th Cir. 2011) ("Though the pleading standard for *pro se* litigants is liberal, it is not without its limits, and does not 'abrogate basic pleading essentials in *pro se* suits.'") (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Put simply, there is nothing in the text of Brewer's Motion to suggest that he sought more time to *appeal*. As set forth above, his considerable experience litigating in court, including his experience filing motions for rehearing and notices of appeal, indicates that he likely knew the difference between the two when he filed his motion requesting more time to seek "rehearing."

Doubtless, the Sixth Circuit, like this Court, prefers that issues brought before it be resolved on their merits rather than upon technical or procedural grounds. That is especially so where, as here, the underlying complaint raises interesting legal questions. But the timely filing of a notice of appeal is one procedural requirement that is jurisdictional

7

in nature. Brewer's request for a stay to seek "rehearing" plainly contemplated a future motion for reconsideration to be filed in this Court, not an appeal to the Sixth Circuit. Nothing in the facts supports a different conclusion.

Accordingly, **IT IS ORDERED** that:

(1) Brewer's June 7, 2019 "Motion for Stay of Proceedings" (Doc. # 9) was properly construed as a request for additional time to file a motion for reconsideration. See (Doc. # 11). Brewer's Motion cannot reasonably be construed as requesting an extension of time to file a notice of appeal.

(2) This is a **FINAL** Order.

(3) This matter is **STRICKEN** from the docket.

(4) The Clerk of the Court **shall send a copy** of this Order to the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit.

This 5th day of December, 2019.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\19-62 Order re Extension on Mtn for Reconsideration.docx